1
2
3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

4
5
6
7
8
9

RHONDA WALK,

                  Plaintiff,

    -vs-

CAROLYN W. COLVIN, Commissioner
of Social Security,

               Defendant.

No.   2:13-CV-3022-WFN

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND REMAND FOR
BENEFITS

10
11
12
13

      Before the Court are cross-Motions for Summary Judgment (ECF Nos. 14 and 15).
Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney
Leisa A. Wolf represents Defendant. The Court has reviewed the administrative record
and briefs filed by the parties and is fully informed.

14

### JURISDICTION

15
16
17
18

      Plaintiff protectively applied for disability insurance and supplemental security
income benefits on February 10, 2009, alleging disability beginning on December 27,
2008, due to physical impairments. The application was denied initially and on
reconsideration.

19
20
21
22
23
24
25

      A hearing was held before Administrative Law Judge (ALJ) James W. Sherry on
April 21, 2011. At the hearing, Plaintiff, represented by counsel, testified as did Scott
Whitmer, a vocational expert (VE). The ALJ concluded that Plaintiff was not disabled.
The Appeals Council granted Plaintiff's request for review and awarded partial benefits for
the period of January 2, 2009 to January 2, 2010. Pursuant to 42 U.S.C. § 405(g), this
final decision is appealable to the district court. Plaintiff sought judicial review on
February 18, 2013.

26

### FACTS

27
28

The facts of the case are set forth in detail in the transcript of the proceedings and
are briefly summarized here. Plaintiff was 54 years old at the time of the hearing. (Tr. 54)

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT  - 1

She has an eleventh grade education and is literate.  (Tr. 55)  She had no special vocational training.  *Id.*  She lived with her only daughter and four minor grandchildren.  *Id.*  She has a forty year work history mostly working in fruit processing plants.  (Tr. 57 -   61)  She stopped working when she experience bleeding that lead to hospitalization, surgery, and blood transfusions.  (Tr. 61, 68 – 70)  She has been diagnosed with cirrhosis and Hepatitis C.  (Tr. 62)   Though the gastrointestinal issues have improved, Plaintiff suffers from fatigue and pain.  (Tr. 63 – 65)  She is able to do some chores around the house, but cannot stand or sit for long periods of time.  (Tr. 65)  She used to drink alcohol on a regular basis, but quit in 2008 after the bleeding episodes.  (Tr. 62)

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193-94 (9th 2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 27, 2008.

At step two, the ALJ found that Plaintiff had the following severe impairments: cirrhosis secondary to alcohol and hepatitis C; gastro intestinal bleed with Mallory Weiss

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT  - 2

tear, esophageal varices, and history of rotator cuff tendonitis and bursitis of the right upper extremity.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

At step four, the ALJ determined that Plaintiff was capable of performing past relevant work as a peeler and as an assembler.  Since the ALJ determined that the Plaintiff could perform past relevant work, the ALJ did not proceed to step five.

On November 7, 2012, the Appeals Council notified Plaintiff that it had granted her request for review.  For the period beginning January 2, 2009 and ending January 2, 2010, the Council adopted the ALJ's findings at steps one and two of the sequential evaluation process, however, the Appeals Council determined that Plaintiff met a listing for the period listed above.  Michael M. Phillips, M.D., a medical consultant to the Counsel submitted memoranda that concluded that Plaintiff met or at least equaled the listings in § 5.05(A) of 20 CFR Part 404, Subpart P, Appendix 1.  The Council gave substantial weight to Dr. Phillips' opinion.  Consequently, the Appeals Council awarded benefits for the time period beginning January 2, 2009 and ending on March 31, 2010.

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. [*Tackett*, 180 F.3d at 1097]. Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply the proper legal standards in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ISSUES

1. Whether the ALJ improperly rejected the treating physicians' opinions.

2. Whether if the ALJ had properly credited the treating physicians' opinions Plaintiff would be entitled to benefits.

3. Whether the ALJ improperly rejected Plaintiff's testimony regarding the severity of her symptoms.

### DISCUSSION

### I.  Medical Evidence

The Ninth Circuit distinguishes between three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). More weight is given to the opinion of a treating

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT  - 4

physician than to the opinions of non-treating physicians.  *Id*.  The opinion of a non-examining physician is not itself substantial evidence that justifies the rejection of the opinion of either a treating physician or an examining physician.  *Id.* at 831.  Factors an ALJ may consider when evaluating any medical opinion include "the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; [and] the specialty of the physician providing the opinion."  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

Where a conflict exists between the opinion of a treating physician and an examining physician, the ALJ may not reject the opinion of the treating physician without setting forth specific, legitimate reasons supported by substantial evidence in the record."  *Id.* at 632.  "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)

The ALJ improperly assigned the greatest weight to an examining physician whose opinion contradicted three treating physicians who all opined that Plaintiff's restrictions would render her disabled either under the grids or based on her likely lack of attendance.  The ALJ assigned "great weight to the opinion of Dr. Albystami" a one-time examining provider, who opined on February 16, 2009 that Plaintiff was limited to light work, but assigned little weight to the opinions of treating physicians Dr. Sabry, Dr. Chen, and Dr. Ramakrishnan, "because their opinions are inconsistent with their physical examination findings and with their remarks that the claimant is progressing well."  (Tr. 31)

First, the Court notes that Dr. Albystami's opinion that Plaintiff could perform light work was rendered during the time period that the Appeals Counsel determined Plaintiff was disabled.  Second, all of the medical evidence supports the treating physicians' conclusions that Plaintiff suffered from fatigue based on her cirrhosis and Hepatitis C in spite of her improvements from the bleeding episodes.  Dr. Ramakrishnan's notes are

replete with references to ongoing issues with fatigue.  For instance, on September 30, 2010, Dr. Ramakrishnan noted, "As always, [Plaintiff] does complain of some fatigue." (Tr. 508)  Several other providers, Dr. Chen, Dr. Griffith, Jillian Vetch, and Dr. Phillips, noted similar issues.  Dr. Chen opined that Plaintiff would likely miss 3 days a month due to issues with fatigue if employed full time.  (Tr. 308-09)  The ALJ fails to provide anything but conclusory reasons for rejecting all treating physicians' opinions and the ALJ's conclusion was unsupported by substantial evidence in the record.

## II. Plaintiff's Credibility

The Commissioner's credibility determination must be supported by findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony.  *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). The ALJ may consider a claimant's reputation for truthfulness, inconsistencies either in testimony or between her testimony and conduct, her daily activities, work record, and testimony from physicians and third parties concerning the alleged symptoms.  *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony.  *Smolen v. Chater*, 80 F.3d at 1281.  Under the first step, the claimant must produce objective medical evidence of an underlying medically determinable impairment, and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986).  Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant.  In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in her allegations of limitations or between her statements and conduct, daily activities and work

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT  - 6

record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Fair v. Bowen*, 885 F.2d 597 n.5 (9th Cir. 1989); *Light v. Social Sec. Admin*., 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. See *Morgan*, 169 F.3d at 600; *Fair*, 885 F.2d at 604 ("Credibility determinations are the province of the ALJ."). However, an ALJ's failure to articulate "clear and convincing" reasons for rejecting Plaintiff's subjective complaints regarding her limitations is reversible error. *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

Here there is no evidence that Plaintiff was malingering. The ALJ summarized Plaintiff's testimony, but noted that Plaintiff engages in a full range of activities which "casts doubt" on her self-reported limitations. Plaintiff's primary complaint is fatigue. Though the ALJ correctly noted in the written report that the Plaintiff indicates that she manages self-care and picks up her grandchildren from school without aid, he fails to address her statements throughout the report that she indicates is limited in her abilities to complete daily chores and that her social "life has drastically come to a halt" since her condition began. (Tr. 174) " [T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). Further, Plaintiff noted that accomplishing her daily chores takes longer than it used to and that she doesn't do yard work anymore. (Tr. 172) These statements are not inconsistent with Plaintiff's testimony and certainly are not the basis for finding her not credible under a clear and convincing standard.

## III.    Remedy

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the opinion is credited "as a matter of law." Further, where a claimant's testimony is improperly rejected, and the claimant would be disabled if her statements were credited, remand for benefits is appropriate. *Orn v. Astrue*, 495 F.3d 625, (9th Cir. 2007); *Benecke v. Barnhart*, 379 F.3d 587, 595(9th Cir. 2004).

The Court may either remand the case for additional evidence and findings or to award benefits. *Swenson v.* Sullivan, 876 F.2d 683, 689 (9th Cir. 1989). A remand for an award of benefits is appropriate "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Courts have credited the evidence and remand for an award of benefits where, "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d at 1292. Dr. Sabry and Dr. Ramakrishnan both opined that Ms. Walk should be limited to sedentary work. As the ALJ noted, "given [claimant's] age, and no past relevant work with transferrable skills issues, that if we were at a sedentary RFC, she would grid out, and would be deemed disabled under the grid rule." (Tr. 77) Further, even if the ALJ determined that Dr. Chen's lesser attribution of disability applied, the Mr. Whitmer testified that if a person similarly situated to Ms. Walk missed three days a month due to fatigue they would be terminated. Either way, the ultimate conclusion from medical record and the opinions of all physicians except Dr. Albystami would be that Ms. Walk's RFC would preclude her from working. The record is clear that the ALJ would be required to find claimant disabled if the improperly rejected evidence is credited, and there are no outstanding issues to resolve in further proceedings. Because no useful purpose would be served by remand for additional proceedings, remand for an award of benefits is warranted. Accordingly,

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Accordingly

**IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment, filed September 3, 2013, **ECF No.** 15, is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT  - 8

2.   Plaintiff's Motion for Summary Judgment, filed July 22, 2013, **ECF No. 14**, is **GRANTED** and the matter is **REMANDED** to the Commissioner for calculation and immediate award of benefits.

3.   Application for attorney's fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel.  Judgment shall be entered for **Plaintiff** and the file shall be **CLOSED**.

**DATED** this 20th day of March, 2014.


                                                s/ Wm. Fremming Nielsen
                                              WM. FREMMING NIELSEN
03-06-14                          SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT  - 9